IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JAMES MCLAUGHLIN,            :      CIVIL ACTION
                             :      NO. 08-4979
            Petitioner,      :
                             :
     v.                      :
                             :
ROBERT SHANNON, et al.,      :
                             :
            Respondent.      :


M E M O R A N D U M


EDUARDO C. ROBRENO, J.                            August 10, 2010

TABLE OF CONTENTS

I.    PROCEDURAL HISTORY ........................................2
      A.   Prior Status ........................................2
      B.   Current Status ......................................7
II.   LEGAL STANDARD ...........................................10
III.  "MIXED" § 2254 HABEAS PETITION ...........................12
      A.   Dismissal Under Lundy ..............................13
      B.   Stay and Abey Under Rhines .........................17
           1.   Good Cause .....................................18
           2.   Plainly Meritless .............................23
IV.   CONCLUSION ...............................................25

        Before this Court is Petitioner James E. McLaughlin's

"mixed" § 2254 habeas petition, in which his ineffective counsel

claim has been exhausted in state court and his newly-discovered

evidence claim remains unexhausted in state court.  For the

following reasons, the Court will deny Petitioner's motion for a

stay and abeyance as Petitioner has failed to first exhaust all

of his claims in state court and failed to meet his burden of

demonstrating that equitable tolling of the applicable statute of

limitations is appropriate here.  As such, Petitioner's "mixed"

habeas petition will be dismissed without prejudice.

## I.  PROCEDURAL HISTORY

Due to the complex history of this case, an overview of the procedural history and current posture of the claims is warranted.

### A.  <u>Prior Status</u>

On October 5, 1999, Petitioner was convicted of first-degree murder and recklessly endangering another person.  At trial, Petitioner was found guilty by jury of shooting and killing Damon Hastings ("Hastings").  On November 9, 1999, Petitioner was sentenced to life imprisonment on the murder conviction, a concurrent term of three to twenty-three months on the firearms charge, and a consecutive term of one to two years on the reckless endangerment charge.  After the Court of Common Pleas of Delaware County, Pennsylvania denied Defendant's post-trial motions on April 20, 2000, Defendant raised eight issues on appeal.  <u>See</u> <u>Commonwealth v. McLaughlin</u>, Crim. No. 5370, doc. no. CP-23-CR-0005370-1998.

On April 16, 2002, the Pennsylvania Superior Court affirmed the judgment of sentence.  <u>Commonwealth v. McLaughlin</u>, 803 A.2d 794 (Pa. Super. Ct. 2002).  On March 30, 2004, the Pennsylvania Supreme Court denied Petitioner's petition for allowance of appeal.  <u>Commonwealth v. McLaughlin</u>, 847 A.2d 1281 (Pa. 2004).

On March 21, 2005, Petitioner filed his first timely pro se petition for collateral relief under the Post Conviction Relief Act ("PCRA"), 42 Pa. C.S. §§ 9541 et. seq. Petitioner then filed an amended petition ("amended first PCRA petition"), on May 18, 2006, by way of PCRA-appointed counsel Henry D. Forrest, Esq. ("Mr. Forrest"). Therein, Petitioner alleged: (1) ineffective assistance of counsel in violation of his Sixth and Fourteenth Amendment rights; and (2) newly-discovered evidence unavailable at trial supported by a statement of Mr. Jameel Berry ("Berry").

On January 5, 2007, Petitioner's amended first PCRA petition was dismissed without a hearing.[1] Petitioner's trial counsel, Mr. Forrest, appealed the denial of Petitioner's claim of ineffective assistance of trial counsel. Mr. Forrest, however, did not appeal Petitioner's claim of newly-discovered evidence. The Court of Common Pleas then denied Petitioner's ineffective assistance of counsel claim alleged in his PCRA petition, which was affirmed by the Superior Court on January 4,

---

[1] A supplemental opinion was issued, on March 7, 2007, that specifically addressed the rationale for dismissal of Petitioner's newly-discovered evidence claim. Commonwealth v. McLaughlin, 2007 Pa. Dist. & Cnty. Dec. LEXIS 55 (Pa. C.P. 2007) (stating that the original opinion "carefully dissected the issues raised in the PCRA," including Berry's statement, and that Petitioner failed to comply with Pa. R. Crim. P. 902(a)(14) requirements by failing to submit Berry's affidavit alongside the PCRA petition, even though Petitioner met and was housed with Berry while incarcerated).

2008. <u>Commonwealth v. McLaughlin</u>, 2007 Pa. Dist. & Cnty. Dec. LEXIS 55 (Pa. C.P. Mar. 7, 2007). On July 10, 2008, Petitioner's Allowance of Appeal was denied by the Pennsylvania Supreme Court.

On September 8, 2008, Petitioner filed a second pro se PCRA petition and an extension for time to file an amended second PCRA petition was granted on January 30, 2009.

On October 17, 2008, Petitioner filed a timely habeas corpus petition before this Court, pursuant to 28 U.S.C. § 2254, collaterally attacking his sentence and asking the Court to vacate, set aside, or correct his sentence. Therein, Petitioner alleges that: (1) he was denied effective assistance of trial counsel in violation of his Sixth Amendment rights; and (2) newly-discovered exculpatory evidence was found that was not available at the time of trial.[2]

_____

[2] In support of the newly-discovered evidence claim, Petitioner avers that the proper and timely newly-discovered evidence relates to two witness statements: (1) Gordine Miller ("Miller"), averring that Petitioner did not have a gun in his hand when he approached the victim's car, dated March 29, 2009; and (2) Darnley Belgrave ("Belgrave"), raising issues never presented at trial and recanting the trial testimony of witness Shamira Bivens ("Bivens"), dated April 3, 2009.

In support of the ineffective assistance of counsel claim, Petitioner avers the following six reversible errors occurred: (1) trial counsel improperly advanced two mutually exclusive and conflicting defenses: accident by misadventure and self-defense/justification; (2) trial counsel, in his opening statement, indicated he would present evidence of the victim's threats to Petitioner and the victim's violent propensities, but was not permitted by the trial court to do so during trial; (3) trial counsel, during the trial, presented evidence of accidental shooting; (4) Petitioner testified that he neither shot the

-4-

On February 3, 2009, Petitioner filed his first motion to stay federal proceedings to permit exhaustion of claims in state court. On February 8, 2009, Respondents answered and requested that both the motion to stay and habeas petition ("Petition") be denied. Therein, Respondents argued that: (1) the state courts' decisions were not based on "unreasonable" determinations of fact, nor contrary applications of clearly established federal law; and (2) the Petition is procedurally barred from the Court's review for (a) failure to comply with the AEDPA's one-year statute of limitations, pursuant to § 2244(d)(1), and (b) failure to exhaust claims at the state level, as required by the AEDPA.

On February 25, 2009, Magistrate Judge Hart issued a Report and Recommendation ("R&R"), recommending that Petitioner's motion to stay be denied and the Petition be dismissed for failure to exhaust administrative remedies at the state level, failure to submit a timely second PCRA petition, and failure to sufficiently plead an ineffective assistance of counsel claim.

On April 6, 2009,[3] Petitioner, by way of Ms. Ennis

victim nor possessed the gun; (5) trial court ruled that the victim's violent nature would not be admissible based on the defense of homicide by misadventure; and (6) trial counsel failed to object to the court's incorrect charging of self-defense only.

[3]    On this same date, April 6, 2009, Petitioner, by way of Ms. Mary R. Ennis ("Ms. Ennis"), filed a second amended PCRA Petition in the Court of Common Pleas alleging that "due to improper handling by government officers," Petitioner was denied

Esq., filed two objections to the R&R, challenging each of Magistrate Judge Hart's findings on two grounds.  One, that Petitioner's motion to stay properly and timely "identified additional" claims other than Berry's statement as Berry's statement was already addressed by the PCRA courts.  Two, that the Superior Court's failure to forward his pro se Petition for Remand to PCRA counsel and affirmation of the second PCRA's denial constitutes "good cause" to toll the PCRA statutory time bar, under 42 Pa. C.S. § 9545(b)(1).

On May 6, 2009, Petitioner, by way of Ms. Ennis, filed an amended second PCRA petition before the Court of Common Pleas.

On September 21, 2009, this Court overruled the objections to the R&R and denied without prejudice Petitioner's motion to stay and abey.  The Court stated that it would consider the request to stay in conjunction with Petitioner's second PCRA petition, then pending in the Court of Common Pleas.

On October 6, 2009, the Court of Common Pleas of Delaware County, Pennsylvania, dismissed Petitioner's second PCRA petition without a hearing because it was untimely, it failed to raise genuine issues concerning any material facts, and the issues raised in both PCRA petitions had been previously litigated or waived.  See Crim. No. 5370-98.  The dismissal Order

_____

the option of appealing both the ineffectiveness of counsel and newly-discovered evidence claims.  See Commonwealth v. McLaughlin, Second Am. PCRA Pet., dated 4/6/09.

noted that "Defendant is advised that he has the right to appeal this decision to the Superior Court of Pennsylvania." On October 28, 2009, Petitioner filed a pro se appeal with the Superior Court.[4]  See Commonwealth v. McLaughlin, No. 3164 EDA 2009, November 4, 2009.

On October 27, 2009, Petitioner appealed the Court's denial of the stay to the Third Circuit and the Court placed the case in suspense pending the appeal. On February 16, 2010, the Third Circuit dismissed Petitioner's appeal for failure to exhaust from a final decision of the district court, pursuant to 28 U.S.C. § 1291. On March 2, 2010, Petitioner re-filed a motion to stay and abey with the Court pursuant to the Court's December 28, 2009 Order.

B.   Current Status

After the tumultuous, labyrinthian procedural history of this case, there are two issues presently before the Court: (1) Petitioner's re-filed motion to stay and abey; and (2) Petitioner's objections to the R&R.

On October 17, 2008, Petitioner filed a habeas petition that was followed by a motion to stay and abey. In response, Magistrate Judge Hart submitted an R&R, recommending that

---

[4]      On November 23, 2009, Ms. Ennis filed a motion for leave to withdraw as counsel in the Court of Common Pleas of Delaware County, Pennsylvania, which was granted on December 10, 2009.  See Commonwealth v. McLaughlin, Crim. No. 5370, doc. no. CP-23-CR-0005370-1998.

Petitioner's motion to stay be denied and his habeas petition dismissed for failure to exhaust administrative remedies at the state level, failure to submit a timely second PCRA petition, and failure to sufficiently plead an ineffective assistance of counsel claim. Petitioner then filed the following objections to the R&R: (1) that additional newly-discovered evidence in the form of two witness statements, Miller and Belgrave was not considered; (2) that his ineffective assistance of counsel claim was improperly decided; and (3) that the necessity of a stay, based on the state government officials' mishandling of Petitioner's pro se petitioner for remand, was not properly considered. See Pet.'s Objections ¶¶ 1-5.

Initially, the Court denied without prejudice Petitioner's motion to stay and abey for the purpose of judicial economy as it anticipated a speedy resolution of Petitioner's amended second PCRA petition in state court. Admittedly, it now appears that this procedural goal was not achieved as Petitioner's state case remains, nine months later, undecided. Thus, where Petitioner's state claims are not yet fully exhausted, rendering his habeas petition "mixed," the Court will proceed to determine whether a lengthier stay is appropriate on the substantive merits and whether Petitioner's objections to the R&R should be overruled.

Importantly, after reviewing Petitioner's re-filed pro

se motion to stay and abey and Petitioner's objections to the R&R, the Court finds that Petitioner raises the same arguments in both: that his motion to stay should be granted because he has demonstrated "good cause" where (1) Petitioner's PCRA counsel improperly appealed only his ineffective assistance of counsel claim, rendering his newly-discovered evidence claim unexhausted, an issue which must be decided in state court; and (2) state government officials improperly handled his pro se motion to remand. As such, the Court will conjunctively address the merits of Petitioner's motion to stay and Petitioner's objections to the R&R as the issues stood on September 21, 2009, the date on which Petitioner's original motion to stay and abey was dismissed by the Court.

In arriving at its determination, the Court has taken Petitioner's habeas petition, Petitioner's motion to stay and abey, Magistrate Judge Hart's R&R, Petitioner's objections to the R&R, and Petitioner's re-filed pro se motion to stay and abey into consideration. Based on the available record, the Court will deny Petitioner's motion to stay. The Court will also overrule Petitioner's objections to the R&R on the merits for the reasons set forth in this Memorandum, and not for the reasons set forth in the R&R.[5]

---

[5] Magistrate Judge Hart issued an R&R recommending that the Court deny Petitioner's motion to stay and dismiss Petitioner's Petition for: (1) failure to exhaust administrative

## II. LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act ("AEDPA") sets forth the standards for reviewing state court judgments in federal habeas petitions filed pursuant to 28 U.S.C. § 2254. <u>Werts v. Vaughn</u>, 228 F.3d 178, 195 (3d Cir. 2000). The AEDPA increases the deference federal courts must give to the factual findings and legal determinations of state courts. <u>Id.</u> at 196 (citing <u>Dickerson v. Vaughn</u>, 90 F.3d 87, 90 (3d Cir. 1996)). Pursuant to 28 U.S.C. § 2254(d), federal habeas relief may be granted only when the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or when the state court's decision was an

---

remedies at the state level; (2) failure to submit a timely second PCRA petition; (3) and failure to sufficiently plead an ineffective assistance of counsel claim. In his objections to the R&R, Petitioner first concedes that his Petition is "mixed" as his newly-discovered evidence claim is unexhausted. Second, Petitioner objects to the conclusion that he failed to file a timely second PCRA petition in state court. This issue is currently pending before the Pennsylvania Superior Court. Third, Petitioner objects to the conclusion that he failed to sufficiently plead an ineffective assistance of counsel claim.

For the reasons set forth in this Memorandum, the Court does not reach the underlying merits of Petitioner's habeas petition. After consideration of Petitioner's motion to stay in conjunction with his pending objections to the R&R, the Court finds that Petitioner has not demonstrated "good cause" to stay his case, and his unexhausted newly-discovered evidence claim is "plainly meritless," thereby warranting denial of his motion to stay and dismissal of his "mixed" Petition. As such, the Court need not address the underlying merits of Petitioner's habeas petition.

"unreasonable determination of the facts" based on the evidence adduced at trial." 28 U.S.C. § 2254(d)(1)-(2); <u>Williams v. Taylor</u>, 529 U.S. 362, 412 (2000); <u>Appel v. Horn</u>, 250 F.3d 203, 210 (3d Cir. 2001).

The doctrine of exhaustion requires a state prisoner asserting federal habeas claims to allow the state courts to act on the claims before presenting them to a federal court. <u>See</u> <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1)(A). In order to exhaust his or her claims, a petitioner must present each claim in the habeas petition to every available level of state court review. <u>Lambert v. Blackwell</u>, 387 F.3d 210, 232 (3d Cir. 2004). However, while the petitioner bears the burden of showing state court remedies have been exhausted, <u>Toulsen v. Beyer</u>, 987 F.2d 984, 987 (3d Cir. 1993), a petitioner in Pennsylvania need not seek review from the Pennsylvania Supreme Court in order to exhaust her state remedies. <u>Lambert</u>, 387 F.3d at 233-34 ("[W]e hereby declare that in all appeals from criminal convictions or post-conviction relief matters, a litigant shall not be required to petition for rehearing or allowance of appeal following an adverse decision by the Superior Court in order to be deemed to have exhausted all available state remedies respecting a claim of error."). An appeal must be made to the Superior Court, however, in order to

exhaust.  _Id._

### III. "MIXED" § 2254 HABEAS PETITION

        Here, Petitioner presents a "mixed" habeas petition, in
which his first claim of ineffective assistance of counsel was
exhausted, while his second claim alleging newly-discovered
evidence is not.

        Where a habeas petition is "mixed," in that it contains
both exhausted and unexhausted claims, the Supreme Court has
instructed that a district court may issue a stay to allow a
petitioner to return to state court and exhaust his claims
without fear of later being time-barred under the AEDPA.  _Rhines_
_v. Weber_, 544 U.S. 269, 276 (2005).  However, the Supreme Court
cautioned that staying a federal habeas petition frustrates the
AEDPA's twin purposes of "encouraging finality by allowing a
petitioner to delay resolution of the federal proceedings[,]" and
"streamlining federal habeas proceedings by decreasing a
petitioner's incentive to exhaust all his claims in state court
prior to filing his federal petition."  _Id._ at 277.  In _Rhines_,
the Supreme Court emphasized that district courts should only
grant a stay and abeyance in "limited circumstances" where it is
determined both that: (1) the petitioner had "good cause" for his
or her failure to exhaust state claims first; and (2) the non-
exhausted claims are not "plainly meritless."  _Id._

Building on this jurisprudence, the Third Circuit teaches that a district court has four options in its handling of a "mixed" petition: (1) "dismiss the petition without prejudice under Rose" v. Lundy, 455 U.S. 509 (1982)[6]; (2) "'stay and abey' under Rhines[;]" (3) allow the petitioner to "delete his unexhausted claims[;]" or (4) "if all of [petitioner's] claims are meritless, deny the petition under § 2254(b)(2) . . ." Mahoney v. Bostel, 2010 U.S. App. LEXIS 3916 (3d Cir. Feb. 24, 2010) ("Mahoney II") (non-precedential) (affirming Mahoney v. Bostel, 2008 U.S. Dist. LEXIS 51228 (D.N.J. June 30, 2008) ("Mahoney I")); accord Urcinoli v. Cathel, 546 F.3d 269 (3d Cir. 2008); see also § 2254(b)(2) (allowing denial of a petition on the merits "notwithstanding the failure of the applicant to exhaust. . .").

The Court will address the four options seriatim.

A.  Dismissal under Lundy

In Lundy, the Supreme Court held that total exhaustion in state court was a prerequisite to a federal court's consideration of a habeas petition.  455 U.S. at 518, 522 ("[A] district court must dismiss habeas petitions containing both unexhausted and exhausted claims [('mixed' petitions)].").  Here,

---

[6]     Lundy has been abrogated in part by Rhines, which held that, "under limited circumstances, a district court may stay mixed federal habeas petition[s] pending exhaustion of unexhausted claims."  Gilmore v. Ricci, 2007 U.S. Dist. LEXIS 81778, at *24 (D.N.J. Nov. 2, 2007).

Petitioner's claims are not fully exhausted as his newly-discovered evidence claim is pending in the Superior Court of Pennsylvania. Thus, Petitioner has not satisfied the total exhaustion requirement in <u>Lundy</u> warranting dismissal of his "mixed" Petition.

However, in order to protect against the one-year statute of limitations for filing claims in federal court while a petitioner awaits exhaustion in state court, Congress enacted AEDPA's tolling provisions. Specifically, § 2244 tolls the one-year statute of limitations under the following two circumstances:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244. The burden of demonstrating applicability of tolling rests with the petitioner. <u>In re Turner</u>, 267 F.3d 225, 227 (3d Cir. 2001) (quoting § 2244(b)(3)(C)).

In his objections to the R&R, Petitioner alleges that

-14-

it was improper that two exculpatory witness statements (i.e., Miller and Belgrave's statements) were not presented at trial. According to Petitioner, the statements of these two witnesses demonstrate that he accidentally shot the victim. The first new witness, Gordine Miller, avers via affidavit that Petitioner did not have a gun in his hand when he approached the victim's car. See Pet. Objections Ex. A, dated March 29, 2009. The second new witness, Darnley Belgrave, Petitioner's cousin, avers via affidavit that Ms. Shamira Bivens was a witness who was not called at trial, but should have been since she had seen the shooting. Further, Belgrave recants her previous testimony to police and now testifies that she was lying when she gave police a statement saying that Petitioner was the one with the gun and that Ms. Bivens told Belgrave that "a few days before the shooting, she [Bivens], Hastings [the victim], and Terron Reed had bought guns in her name. See id. Ex. B, dated April 3, 2009.

Petitioner's arguments, however, do not carry the day. Neither tolling exception to the one-year AEDPA statute of limitations is appropriate here.

As to the first tolling exception, nowhere does Petitioner argue that his newly-discovered evidence is unexhausted due to a new rule of constitutional law that applies retroactively. As such, this exception is not applicable here.

As to the second tolling exception, Petitioner fails to

address whether he exercised due diligence in discovering the allegedly exculpatory statements of Miller and Belgrave prior to trial and does not assert that no reasonable factfinder could have found him guilty of murder based on those newly-discovered statements. Petitioner offers no excuse and does not dispute that the testimonies of Miller and Belgrave were, in fact, discoverable through due diligence prior to his trial. Further, Petitioner expressly states that he does not seek a tolling of the statute of limitations, but instead seeks a stay as state officials were the cause of his inability to exhaust all of his remedies in state court. Thus, dismissal is appropriate here. See e.g., In re Minarik, 166 F.3d 591, 609 (3d Cir. 1999) (denying petitioner's habeas petition where evidence supporting petitioner's newly-discovered evidence claim had been discoverable); Hudson v. Martinez, 2008 U.S. Dist. LEXIS 69738 (M.D. Pa. 2008) (dismissing habeas petition alleging newly discovered evidence where the petitioner failed to argue that he exerted due diligence as to why the newly discovered evidence had not been timely discovered). Further, Petitioner fails to address the issue of whether a reasonable factfinder could have found him guilty of murder after considerations of the statements of Miller and Belgrave. As such, Petitioner has not demonstrated that, but for constitutional error no reasonable factfinder could have found him guilty. See § 2244(b)(2)(B)(ii).

Therefore, dismissal without prejudice under <u>Lundy</u> for failure to exhaust is appropriate here. <u>See</u> <u>Rhines</u>, 544 U.S. at 276-77 ("This scheme [under § 2244(d)(2)] reinforces the importance of <u>Lundy</u>'s 'simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court.'") (internal citations omitted).

B.    <u>Stay and Abey under Rhines</u>

The second option a court has when considering a "mixed" habeas petition is to "stay and abey" under <u>Rhines</u>.  In <u>Rhines</u>, the Supreme Court held that a stay and abeyance option may be appropriate where the harshness of "the expiration of AEDPA's statute of limitations made the first option unattractive."  544 U.S. at 277; <u>see also</u> <u>Crews v. Horn</u>, 360 F.3d 146, 151 (3d Cir. 2004) ("Staying a habeas petition pending exhaustion of state remedies is a permissible and effective way to avoid barring from federal court a petitioner who timely files a mixed petition.").

Here, similar to <u>Mahoney I</u>, the first option of dismissal without prejudice for failing to meet the exhaustion requirements under <u>Lundy</u> may be considered "unattractive" since Petitioner's exhausted claim for ineffective assistance of counsel would be barred by the one-year statute of limitations. Under these circumstances, consideration of a 'stay and abeyance'

of his habeas petition under <u>Rhines</u> is triggered.

To determine whether to stay Petitioner's habeas petition, the Court must determine whether Petitioner satisfied the three-prong test set forth in <u>Rhines</u>. The <u>Rhines</u> court held that a district court may grant a stay and abeyance only where: (1) good cause exists for Petitioner's failure to first exhaust all claims in state court; (2) Petitioner's claims are not "plainly meritless[;]" and (3) "the absence of any indication that the petitioner engaged in 'potentially dilatory tactics.'" 544 U.S. at 278; <u>see also</u> <u>Heleva v. Brooks</u>, 581 F.3d 187 (3d Cir. 2009).

### 1. <u>Good Cause</u>

In his pleadings, Petitioner alleges that: (1) his failure to exhaust both claims was due to Mr. Forrest's (his trial and PCRA counsel) ineffective assistance for failing to appeal the newly-discovered evidence claim; and (2) that, by failing to forward his pro se Petition for Remand requesting an appointment of new PCRA counsel, state government officials improperly handled his claim. <u>See</u> Pet. Mot. Stay, 3; Pet. Objection to R&R, ¶¶ 1-7.

"'[G]ood cause' typically requires a showing that requiring exhaustion will result in a prisoner's petition being time-barred under § 2244." <u>Heleva</u>, 581 F.3d at 192. Under § 2254(d)(1) of the AEDPA, there is a one-year statute of

limitations, which generally "begins on 'the date on which the judgment [to be reviewed] became final by the conclusion of direct review or the expiration of the time for seeking such review.'" Id. at 192-93 (citing 28 U.S.C. § 2244(d)(1)(A)). An additional ninety-days may also be granted to the limitations period to allow for time during which the petitioner is "seeking certiorari from the United States Supreme Court . . ." Id.

Here, on January 5, 2007, Petitioner's trial counsel Mr. Forrest failed to appeal Petitioner's claim of newly-discovered evidence.[7] Therefore, even including the additional ninety-days that would toll the period to April 5, 2008, were the Court to dismiss Petitioner's "mixed" habeas petition, the applicable statute of limitations will have run on his exhausted ineffective assistance of trial counsel claim.

However, as the Court has already determined that the statutory tolling exceptions under § 2244 do not apply, the Court must next determine whether equitable tolling exceptions are applicable. See Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 617 (3d Cir. 1998) (holding that AEDPA's one-year limitations period is not a jurisdictional bar to the filing of

---

[7] On January 4, 2008, dismissal of Petitioner's PCRA petition alleging ineffective assistance of trial counsel (his exhausted claim) was affirmed by the Superior Court, and on July 10, 2008, Petitioner's Allowance of Appeal was denied by the Pennsylvania Supreme Court. See Commonwealth v. McLaughlin, 2007 Pa. Dist. & Cnty. Dec. LEXIS 55 (Pa. C.P. March 7, 2007).

habeas petitions, therefore it is also subject to equitable tolling).  In <u>Miller</u>, the court held that "equitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.'"  <u>Id.</u> at 618-19.  Equitable tolling is permitted only in three circumstances:

> (1) the defendant has actively misled the plaintiff,
>
> (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights, or
>
> (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum.

<u>Fahy v. Horn</u>, 240 F.3d 239, 244 (3d Cir. 2001) (citing <u>Jones v. Morton</u>, 195 F.3d 153, 159 (3d Cir. 1999)).

Here, Petitioner does not argue that he was actively misled by Respondents, nor does he argue that he timely asserted his rights in the wrong forum.  However, Petitioner sets forth two arguments that are best interpreted as being raised under the second circumstance - that he was extraordinarily prevented from asserting his rights.

First, Petitioner argues that his trial and appellate counsel was ineffective for failing to appeal his newly-discovered evidence claim.  "In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling."  <u>Fahy</u>, 240 F.3d at 244 (citing

_Taliani v. Chrans_, 189 F.3d 597 (9th Cir. 1999) (finding lawyer's inadequate research, which led to miscalculating the deadline, did not warrant equitable tolling); cf. _Seitzinger v. Reading Hosp. and Med. Ctr._, 165 F.3d 236 (3d Cir. 1997) (finding that an attorney's deception, which caused a prisoner to miss the habeas filing deadline, merits equitable tolling).  Here, the basis for Mr. Forrest's failure to appeal both of Petitioner's claims, ineffective assistance of trial counsel _and_ newly-discovered evidence is not clear as neither Petitioner nor Respondents address the underlying reasons for that decision.  See Resp't Answer ¶ 12 ("However, the petitioner, through counsel, did not pursue the claim [of newly-discovered evidence] on appeal to the Superior Court.").  As such, the Court finds that where Petitioner makes no argument as to the reasoning behind his former counsel's failure to appeal his newly-discovered evidence claim, Petitioner has failed to establish that "he has in some extraordinary way been prevented from asserting his rights" as to his unexhausted claim of newly-discovered evidence.  _Fahy_, 240 F.3d at 244.

Second, Petitioner argues that government officials improperly handled his claim by failing to appoint him new PCRA counsel upon request.  However, no constitutional right to PCRA counsel exists.  _Pennsylvania v. Finley_, 481 U.S. 551, 555 (1987) (holding that there is no constitutional right to effective

assistance of post-conviction counsel because "[o]ur cases establish that the right to appointed counsel extends to the first appeal of right, and no further"); see Douglas v. Wolf, 201 Fed. App'x 119, 122 (3d Cir. 2006) (non-precedential) (citing Wainwright v. Torna, 455 U.S. 586 (1982) (holding that "there is no constitutional right to an attorney in state post-conviction proceedings . . . . which establishe[s] that where there is no constitutional right to counsel there can be no ineffective assistance of counsel claim")) (internal citations omitted).  As such, Petitioner was not entitled to replacement counsel of his PCRA counsel simply upon his request.  Further, Petitioner acknowledges that whether state government officials improperly handled Petitioner's pro se Petition for Remand is an issue for the state court.  See Pet. Objections to R&R ¶ 2.

In conclusion, where Petitioner has not successfully argued that he was prevented from asserting his rights in an "extraordinary way."  As such, Petitioner has not demonstrated equitable tolling is applicable here and, in failing to do so, has not demonstrated "good cause" for failure to exhaust his newly-discovered evidence claim in state court.  See Ellison v. Rogers, 484 F.3d 658, 660 (3d Cir. 2007) (holding that "[t]he District Court did not abuse its discretion by not granting Ellison [petitioner] a stay and abeyance because he did not have good cause for his failure to exhaust"); accord Patton v.

<u>Cameron</u>, 2010 U.S. Dist. LEXIS 17762, at *12-13 (M.D. Pa. 2010) ("Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.") (citing <u>Rhines</u>, 544 U.S. at 277).

      2.   <u>Plainly Meritless</u>

      Next, the Court finds that Petitioner's unexhausted claim of newly-discovered exculpatory evidence is "plainly meritless." <u>Rhines</u>, 544 U.S. at 269 ("While the Court held that the District Court has discretion to stay a mixed petition in these circumstances, it further noted that 'even if good cause existed, the district court would abuse its discretion if it granted a stay when the unexhausted claims are plainly meritless.'"); <u>Phillips v. DiGuglielmo</u>, 2008 U.S. Dist. LEXIS 91475, at *7 (E.D. Pa. 2008) (same). The AEDPA "codified this premise at 28 U.S.C. § 2254(b)(2) which states that 'an application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.'" <u>Sphar v. Pa. Bd. of Prob. & Parole</u>, 2004 U.S. Dist. LEXIS 28748, at *6 (E.D. Pa. 2004). Further, "[i]n order for a claim of newly discovered evidence to justify habeas relief, the evidence 'must bear upon the constitutionality of the [petitioner's] detention.'" <u>Gurel v. Ryan</u>, 1986 U.S. Dist. LEXIS 30775, at *3

(E.D. Pa. 1986) (citing <u>Townsend v. Sain</u>, 372 U.S. 293, 317 (1963)). Thus, "[i]f the evidence is relevant only to the guilt of a state prisoner, then habeas relief is not warranted." <u>Id.</u> (citing <u>DeMartino v. Weidenburner</u>, 616 F.2d 708, 711 (3d Cir. 1980)).

Here, the Court has not found that Petitioner's newly-discovered evidence constitutes "potentially meritorious claims." <u>Heleva</u>, 581 F.3d at 192. Petitioner does not argue that the statements were not available at the time of trial, thus it is not clear why neither Miller nor Belgrave were called to testify at trial. <u>See</u> Miller Aff., dated March 29, 2009 ("Nobody ever questioned me about this until now."). Further, as Belgrave is Petitioner's cousin and expressly recanted her earlier statements made to police when interviewed following the shooting, credibility issues exist. <u>See</u> Miller Aff. 2, dated April 3, 2009 ("I tried to explain to the police and the Delaware County D.A. that the shooting was an accident and that James [Petitioner] did not have a gun when he got out of the car, but they threatened and coerced me. I was lying in my statements when I said that James McLaughlin had a gun."). Petitioner also does not address the fact that five other eyewitnesses testified against Petitioner at trial and before the jury. <u>See</u> <u>Holmes v. South Carolina</u>, 547 U.S. 319, 324 (2006) ("Federal courts must afford the states deference in their determinations regarding evidence and procedure.").

Accordingly, where Miller and Belgrave's statements were available and unused at the time of trial, where Belgrave's credibility is in doubt, and five other witnesses testified against Petitioner at trial resulting in his conviction, the Court finds that Petitioner's unexhausted newly-discovered evidence claim is "plainly meritless."[8]

Under these circumstances, a stay and abeyance under Rhines is not appropriate here as Petitioner has failed to demonstrate: (1) "good cause" for his failure to exhaust his newly-discovered evidence claim; and (2) that his newly-discovered evidence claim is not "plainly meritless."[9]

## IV. CONCLUSION

Petitioner's motion for a stay and abeyance will be denied under Rhines because he failed to demonstrate "good cause" for lack of exhaustion and because the unexhausted claim is "plainly meritless."  As such, Petitioner's "mixed" habeas petition will be dismissed for failure to meet the total exhaustion requirement as set forth in Lundy.

---

[8]    Based on the Court's findings, a third factor, whether Petitioner engaged in abusive litigation tactics or intentional delay, is not relevant here.

[9]    As discussed above, ordinarily, there are two additional avenues of relief: deletion of unexhausted claims and denial of meritless claims under § 2254(b)(2).  However, neither option is available here as the Court has already determined that Petitioner's unexhausted claim is "plainly meritless."  See Mahoney II, 2010 U.S. App. LEXIS 3916 (citing Rhines, 544 U.S. at 277) ("[T]he district court would abuse its discretion if it were to grant . . . a stay when [petitioner's] unexhausted claims are plainly meritless.")).

-25-

An appropriate order follows.