IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES MCLAUGHLIN, | : | CIVIL ACTION |
| | : | NO. 08-4979 |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT SHANNON, et al, | : | |
| | : | |
| Respondent. | : | |

**O R D E R**

**AND NOW**, this **10th** day of **August, 2010**, for the reasons

provided in the accompanying Memorandum, it is hereby **ORDERED** that

Petitioner's motion to stay and abey (doc. no. 22) is **DENIED**.  As

such, Petitioner's § 2554 "mixed" habeas petition, (doc. no. 1)

will be **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that a certificate of

appealability[1] shall not issue and that this case shall be marked

**CLOSED**.

**AND IT IS SO ORDERED.**

  S/Eduardo C. Robreno, J.  
**EDUARDO C. ROBRENO, J.**

---

[1]      A prisoner seeking a writ of habeas corpus has no
absolute entitlement to appeal a district court's denial of his
petition.  28 U.S.C. § 2253(c)(1).  Rather, a district court must
first issue a certificate of appealability (COA).  Id.  "A [COA]
may issue . . . only if the applicant has made a substantial
showing of the denial of a constitutional right." Id. at §
2253(c)(2).  To make such a showing, petitioner "must demonstrate
that reasonable jurists would find the district court's assessment
of the constitutional claims debatable or wrong," Tennard v.
Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529
U.S. 473, 484 (2000)), or that "the issues presented were 'adequate
to deserve encouragement to proceed further.'"  Miller-El v.
Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle,
463 U.S. 880, 893 n.4 (1983)).  Petitioner has not made the
requisite showing in these circumstances.