IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JAMES McLAUGHLIN,                  :    CIVIL ACTION
                                   :    NO. 08-4979
          Petitioner,              :
                                   :
     v.                            :
                                   :
ROBERT SHANNON, et al.,            :
                                   :
          Respondents.             :


M E M O R A N D U M

EDUARDO C. ROBRENO, J.                        MARCH 22, 2012


          The instant mixed habeas petition is on remand from

the Third Circuit. For the reasons provided, the Court will deny

Petitioner's unexhausted and exhausted claims because they are

plainly meritless and dismiss with prejudice.


I.   **BACKGROUND**

          On October 5, 1999, James McLaughlin ("Petitioner")

was convicted of first-degree murder, recklessly endangering

another person, possessing an instrument of crime, and carrying

a firearm without a license. Habeas Pet. ¶¶ 2, 4, ECF No. 1. He

received a life sentence without parole. Id. ¶ 3. On April 16,

2002, the Pennsylvania Superior Court affirmed his conviction.

Commonwealth v. McLaughlin, 803 A.2d 794 (Pa. Super. Ct. 2002)

(table). And on March 30, 2004, the Pennsylvania Supreme Court

denied his appeal. <u>Commonwealth v. McLaughlin</u>, 847 A.2d 1281 (Pa. 2004) (table).

Petitioner collaterally attacked his sentence pursuant to the Pennsylvania Post-Conviction Relief Act ("PCRA"). On March 21, 2005, Petitioner filed a PCRA petition alleging ineffective assistance of counsel and newly discovered evidence unavailable at trial. Habeas Pet. ¶ 11(a). On January 5, 2007, the PCRA court dismissed this first PCRA petition. <u>Id.</u> On appeal, Petitioner's counsel pursued the ineffective assistance claim and not the newly discovered evidence claim. On January 24, 2008, the Pennsylvania Superior Court affirmed. <u>Id.</u> And on July 10, 2008, the Pennsylvania Supreme Court denied allowance of appeal. <u>Commonwealth v. McLaughlin</u>, 951 A.2d 1162 (Pa. 2008) (table).

On September 8, 2008, Petitioner filed a second PCRA petition, this one alleging ineffective assistance of counsel and obstruction of his appeal regarding his first PCRA petition. Habeas Pet. ¶ 11(b). On October 6, 2009, the PCRA court dismissed this second PCRA petition and Petitioner appealed. On March 3, 2011, the Pennsylvania Superior Court reversed and, on remand, the PCRA court again dismissed. On October 13, 2011, Petitioner noticed his appeal to the Pennsylvania Superior Court. That appeal is currently pending.

2

On October 17, 2008, while the second PCRA petition
was pending, Petitioner filed the instant habeas petition that
alleges counts of ineffective assistance of counsel and newly
discovered exculpatory evidence that was unavailable at trial.[1]
Id. ¶ 12. On February 22, 2010, Petitioner moved to stay the
federal proceedings to permit exhaustion of his newly discovered
evidence claim in state court.[2] Mot. to Stay 1-6, ECF No. 22.

The Court denied Petitioner's Motion to Stay because
the unexhausted claim was "plainly meritless" and dismissed
without prejudice. Mem. Op. 23-25, Aug. 11, 2010, ECF No. 24;
Order 1, Aug. 11, 2010, ECF No. 25. Petitioner appealed to the
Third Circuit, which affirmed the District Court's denial of
Petitioner's Motion to Stay. McLaughlin v. Shannon, No. 10-3537,
2011 WL 6093408, at *2 (3d Cir. Dec. 8, 2011) (per curiam) ("In
this case the exculpatory affidavit at issue in his unexhausted
claim is of at best questionable credibility and would not

---

[1]     The claims raised in the second PCRA petition are not
before the Court.

[2]     The habeas petition is considered a "mixed" petition
because it presents exhausted and unexhausted claims. The Court
generally cannot proceed on a mixed petition. See Rose v. Lundy,
455 U.S. 509, 510 (1982); see also 28 U.S.C. § 2254(b)(1)(A)
(2006) ("An application for a writ of habeas corpus on behalf of
a person in custody pursuant to the judgment of a state court
shall not be granted unless it appears that . . . the applicant
has exhausted the remedies available in the courts of the States
. . . ."). But in certain situations, the Court may stay the
habeas petition to allow a prisoner to exhaust his remedies in
state court. See Rhines v. Weber, 544 U.S. 269, 276 (2005).

satisfy such a threshold; even if it was exhausted, the claim would not warrant relief.").

However, the Third Circuit vacated in part with respect to the District Court's dismissal without prejudice. The Third Circuit held that the District Court incorrectly found that it was faced with no choice but to dismiss the mixed petition because the unexhausted claim was plainly meritless. Id. The Third Circuit noted that, when a mixed habeas petition's unexhausted claim is plainly meritless, a petitioner may amend the petition to delete the unexhausted claim or the District Court may reject the plainly meritless claim, despite its non-exhaustion, pursuant to 28 U.S.C. § 2254(b)(2). Id. The Third Circuit further instructed that, upon finding that a stay of a mixed petition is inappropriate, the District Court should allow Petitioner to delete the unexhausted claim and proceed with the exhausted claim if dismissal of the petition would "unreasonably impair the petitioner's right to obtain federal relief." Id. (quoting Rhines v. Weber, 544 U.S. 269, 277 (2005)).

With these instructions in mind, the Court addresses the merits of the habeas petition.


II.  **LEGAL STANDARD**

On habeas review, the Court must determine whether the state court's adjudication of the claims raised was (1) contrary

4

to, or an unreasonable application of, clearly established federal law, or (2) based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d) (2006).

Furthermore, the Court may refer a habeas petition to a U.S. Magistrate Judge for a report and recommendation. See Section 2254 R. 10 ("A magistrate judge may perform the duties of a district judge under these rules, as authorized under 28 U.S.C. § 636."); see also 28 U.S.C. § 636(b)(1)(B) (2006 & Supp. IV 2011). A prisoner may object to the magistrate judge's report and recommendation within fourteen days after being served with a copy thereof. See 28 U.S.C. § 636(b)(1); E.D. Pa. R. 72.1(IV)(b). The Court must then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[3] Id.

───────────────

[3]     On February 25, 2009, Magistrate Judge Hart issued a report and recommendation that the Court deny Petitioner's Motion to Stay and dismiss the habeas petition because, inter alia, the state court's denial of Petitioner's ineffective assistance of counsel claim was not contrary to, or an unreasonable application of, federal law. Report & Recommendation 10-14, ECF No. 10. Petitioner objected to the Report and Recommendation, but did not address the merits of the ineffective assistance of counsel claim. Furthermore, the Court, in denying Petitioner's Motion to Stay and dismissing without

**III. DISCUSSION**

Petitioner's habeas petition presents two claims: (1) newly discovered exculpatory evidence that was unavailable at the time of trial and (2) ineffective assistance of counsel. Habeas Pet. ¶ 12(A)-(B). The Court will dismiss both claims with prejudice.

A.   Newly Discovered Exculpatory Evidence

Petitioner asserts that it was improper that exculpatory witness statements were not presented at trial. In denying Petitioner's Motion to Stay, the Court determined that Petitioner's unexhausted newly discovered exculpatory evidence claim is plainly meritless because the allegedly exculpatory evidence was available but unused at the time of trial, one witness' credibility was in doubt, and five other witnesses testified against Petitioner at trial. Mem. Op. 23-25, Aug. 11, 2010. The Third Circuit affirmed the Court on this finding. McLaughlin, 2011 WL 6093408, at *2. Thus, the Court need not revisit the issue and will now dismiss this claim with

---

prejudice, also did not reach the merits of the habeas petition and, therefore, did not adopt or reject Magistrate Judge Hart's findings. See Order 9 & n.5, Aug. 11, 2010. Therefore, the Court now conducts a de novo review and rules on Petitioner's ineffective assistance of counsel claim.

prejudice.[4] See 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

B.    Ineffective Assistance of Counsel

Petitioner asserts his trial counsel was ineffective for improperly advancing two mutually exclusive and conflicting defenses: accident by misadventure and self-defense. Habeas Pet. ¶ 12(A). Petitioner asserts that in opening statements, his counsel indicated he would present evidence of the victim's violent propensity and that the victim threatened Petitioner. Id. During trial, his counsel presented evidence suggesting that the shooting was accidental. Id. Petitioner testified that he did not shoot the victim nor possess the firearm. Id. Furthermore, the trial court did not permit evidence of the victim's violent propensity based on the homicide by misadventure defense and ruled that self-defense would be the

---

[4]      As noted by the Third Circuit, Petitioner may delete unexhausted claims and proceed with the claims properly exhausted in state court. See Rhines, 544 U.S. at 278 ("[If] the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief."). Nevertheless, despite the protracted litigation over issues raised by his mixed habeas petition and the Court's finding that the unexhausted claim is plainly meritless, Petitioner has not moved to delete the claim.

sole defense on which the jury would be instructed. Id.
Petitioner maintains that his trial counsel failed to object to
the jury charge and failed to understand either defense and
instead presented conflicting evidence. Id.

On review of Petitioner's claim, the PCRA court
determined that trial counsel vigorously argued that the jury
should be charged on both defenses. The court noted that, given
the evidence presented by the Commonwealth and Petitioner,
"Certainly the evolution of the case supported the possibility
of contradictory defenses." Commonwealth v. McLaughlin, No.
5370-98, slip op. at 4 (Pa. Commw. Ct. Nov. 8, 2006). And on
further review, the Pennsylvania Superior Court determined that
Petitioner's counsel attempted to distinguish his client's case
from the case law barring him from arguing both defenses and
that he pursued a reasonable trial strategy:

> Based on these facts the PCRA court correctly
> held the following:
>
>> In direct opposition to the Commonwealth's
>> evidence, defense counsel offered evidence
>> which portrayed the victim as the aggressor
>> and the person wielding the gun. Even as the
>> prosecution's case established that
>> [Petitioner] was the aggressor, trial
>> counsel displayed a remarkable degree of
>> adaptability. Trial counsel was not confused
>> about the law; he was trying to work around
>> it to best serve the interest of the client.
>> Unfortunately for [Petitioner], counsel was
>> simply stuck with the facts of the case. The
>> strategy's unsuccessful outcome does not
>> equate with a finding of ineffectiveness.

8

Commonwealth v. McLaughlin, No. 331 EDA 2007, slip op. at 5 (Pa. Super. Ct. Jan. 24, 2008).

The Pennsylvania Superior Court's denial of Petitioner's ineffective assistance claim was not contrary to, or an unreasonable application of, clearly established federal law. The Sixth Amendment right to counsel is the right to effective assistance of counsel. E.g., Strickland v. Washington, 466 U.S. 668, 686 (1984). To warrant reversal of a conviction, a prisoner must show (1) that his counsel's performance was deficient and (2) that the deficient performance prejudiced his defense. See id. at 687; Holland v. Horn, 519 F.3d 107, 120 (3d Cir. 2008). The principles governing ineffective assistance claims under the Sixth Amendment apply in collateral proceedings attacking a prisoner's sentence. See Strickland, 466 U.S. at 697-98.

To prove deficient performance, a prisoner must show that his "counsel's representation fell below an objective standard of reasonableness." Id. at 688. The Court will consider whether counsel's performance was reasonable under all the circumstances. Id. Furthermore, the Court's "scrutiny of counsel's performance must be highly deferential." See id. at 689. That is, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional

assistance." Id. In raising an ineffective assistance claim, the petitioner must first identify the acts or omissions alleged not to be the result of "reasonable professional judgment." Id. at 690. Next, the court must determine whether those acts or omissions fall outside of the "wide range of professionally competent assistance." Id. at 690.

"[T]he defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." United States v. Gray, 878 F.2d 702, 710 (3d Cir. 1989). A petitioner rebuts this presumption by showing either that his counsel's "conduct was not, in fact, part of a strategy or by showing that the strategy employed was unsound." Thomas v. Varner, 428 F.3d 491, 499-500 (3d Cir. 2005). When the record does not disclose counsel's actual strategy the presumption is rebutted by a "showing that no sound strategy . . . could have supported the conduct." Id. at 500.

To prove prejudice, a convicted defendant must affirmatively prove that the alleged attorney errors "actually had an adverse effect on the defense." Id. at 693. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability

is a probability sufficient to undermine confidence in the outcome." Id. at 694.

Petitioner's counsel attempted to present defenses of accident by misadventure and self-defense, which was a reasonable trial strategy. Indeed, as the Pennsylvania Superior Court noted, counsel attempted to distinguish Petitioner's case from unfavorable precedent and the facts of Petitioner's case made either defense possible. Petitioner's counsel was well within the wide range of professionally competent assistance and Petitioner fails to rebut the presumption, well-supported by the record, that his counsel's strategy was reasonable. Therefore, the Pennsylvania Superior Court's denial of Petitioner's ineffective assistance claim was not contrary to, or an unreasonable application of, federal law.[5]

IV.  CERTIFICATE OF APPEALABILITY

The Court will not issue a Certificate of Appealability because Petitioner has not made a substantial showing of the denial of his constitutional rights. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

---

[5]     Because counsel's performance was not constitutionally deficient, the Court does not reach whether Petitioner suffered prejudice.

**V.   CONCLUSION**

For the reasons provided, the Court will deny Petitioner's unexhausted and exhausted claims and dismiss with prejudice. The Court will not issue a Certificate of Appealability. An appropriate order will follow.